IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY SCOTT HARRIMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2870-L-BD |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Timothy Scott Harriman, a Texas prisoner, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should

be denied in part and dismissed in part.

I.

In 1994, petitioner was convicted of murder and sentenced to 34 years confinement.  His

conviction and sentence were affirmed on direct appeal.  *Harriman v. State*, No. 05-94-00905-CR,

1995 WL 635032 (Tex. App.-- Dallas, Oct. 12, 1995, no pet.).  Petitioner also challenged his murder

conviction on collateral review in state and federal court.  One state writ was denied.  *Ex parte*

*Harriman*, WR-72,644-02, 2010 WL 3570860 (Tex. Crim. App. Sept. 15, 2010).  Two other state

writs were dismissed. *Ex parte Harriman*, WR-72,644-04 (Tex. Crim. App. Feb. 23, 2011); *Ex parte*

*Harriman*, WR-72,644-06 (Tex. Crim. App. Feb. 8, 2012).  A prior application for federal habeas

relief is still pending. *See Harriman v. Thaler*, No. 3-10-CV-2393-P-BF (N.D. Tex., filed Nov. 23,

2010).

II.

In the instant case, petitioner challenges a July 29, 2010 parole decision denying him early release. Petitioner also contends that the evidence presented at his murder trial was insufficient to support a deadly weapon finding.[1]

A.

As best the court understands his parole claims, petitioner appears to contend that he was improperly denied early release based on his criminal history and the circumstances of the underlying offense, without any consideration of his rehabilitative efforts while in prison. Petitioner maintains that the failure of the parole board to look beyond the nature of the offense violates the double jeopardy clause and his right to due process. Petitioner further alleges that requiring him to admit his guilt to improve his chances for parole amounts to compelled self-incrimination.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). Because petitioner does not have a constitutional right to parole, he "cannot mount a challenge against any state parole review procedure on . . . Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 31-32. Similarly, the denial of parole is not an additional punishment for purposes of the double jeopardy clause. *See Olstad v. Collier*, 326 Fed.Appx. 261, 265, 2009 WL 1116284 at *3 (5th Cir. Apr. 27,

---

[1] As part of his answer, respondent contends that these claims are unexhausted. (*See* Resp. Ans. at 4-6). The court need not decide the exhaustion issue because petitioner is not entitled to habeas relief in any event. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

2009).  Nor does consideration of a prisoner's willingness to accept responsibility for his criminal

behavior violate the privilege against self-incrimination.  *See, e.g. Moore v. Owens*, 244 Fed.Appx.

547, 549, 2007 WL 1725416 at *1 (5th Cir. Jun. 12, 2007), *cert. dism'd,* 130 S.Ct. 2107 (2010),

*citing Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 286-88, 118 S.Ct. 1244, 1252-53, 140

L.Ed.2d 387 (1998); *Bernal v. Quarterman*, No. 3-07-CV-1300-B, 2008 WL 4508040 at *7 (N.D.

Tex. Oct. 7, 2008) (citing cases).  These grounds for relief should be overruled.

B.

Petitioner also challenges the finding that a deadly weapon was used in the commission of

the underlying offense.  A court may dismiss a complaint or any portion thereof filed by a prisoner

seeking redress from a governmental entity or employee if it concludes that the allegations are

frivolous or malicious.  *See* 28 U.S.C. § 1915A(b).  A section 2254 writ that duplicates claims

asserted in an earlier action may be deemed malicious and subject to summary dismissal.  *See Brock*

*v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003), *citing*

*Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) *and Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th

Cir.), *cert. denied*, 110 S.Ct. 417 (1989).  This is the second federal writ filed by petitioner attacking,

at least in part, his murder conviction.  One of the issues raised by petitioner in his prior writ is that

the evidence adduced at his murder trial was insufficient to support a deadly weapon finding.  That

writ is still pending.  Consequently, this claim should be summarily dismissed as duplicative under

28 U.S.C. § 1915A(b).  *See Brock,* 2003 WL 21418792 at *1.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied in part and dismissed in

part.  His parole claims should be denied on the merits.  All other claims should be dismissed as

duplicative.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   February 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE