IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY SCOTT HARRIMAN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2870-L-BD** |
| | § | |
| **RICK THALER,** Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,* | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Timothy Scott Harriman's ("Harriman" or "Petitioner") application for writ of habeas corpus, filed October 25, 2011, pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 9, 2012.

**I.    The Magistrate Judge's Recommendation**

The magistrate judge recommended that Harriman's habeas application be denied in part and dismissed in part. Specifically, the magistrate judge concluded that Harriman's parole claims should be denied on the merits, and his claims challenging the finding that he used a deadly weapon in the commission of the underlying murder offense be dismissed as duplicative of claims asserted by Harriman in a prior writ.

---

\* The court notes that habeas application filed in this case names the State of Texas Board of Pardons and Paroles as the Respondent. The court's electronic docketing system and the magistrate judge's findings and recommendation, however, show Rick Thaler as the Respondent. This typographical error does not affect the court's reasoning or determination that this action should be dismissed with prejudice for the reasons herein stated.

**Order – Page 1**

## II.     Objections

Harriman filed objections to the Report on February 17, 2012. Harriman disagrees with the magistrate judge's determination that he does not have a constitutional right to parole or release prior to the expiration of his sentence. The essence of Harriman's objection is that the Texas Board of Pardons and Paroles ("Board") should not have unfettered discretion to decide such matters and that its failure to consider "good time" credit undermines the incentive of prisoners to obey prison rules. Harriman further objects to the magistrate judge's conclusion that the denial of conditional release does not constitute additional punishment for purposes of double jeopardy. Harriman contends the magistrate judge "failed to recognize the paramount consideration for the basis of this claim, within the exercising of the procedures . . . and shall be protected under the Fifth Constitutions [sic] Amendment." Pet.'s Obj. 2. Even if the decision to grant parole is discretionary, Harriman contends that it would be a better business practice to reward and release prisoners who obey prison rules because they are less likely to recommit a crime. The law in this regard is well established and Harriman's arguments do not affect the magistrate judge's reasoning. Harriman's objections in this regard are therefore **overruled**.

Harriman also objects to the magistrate judge's conclusion that his claims challenging the finding that a deadly weapon was used in the commission of the underlying murder are duplicative of claims previously asserted. Specifically, he argues that courts "have held that a challenge towards the deadly weapon fails to comport with an [sic] challenge to the actual conviction, rather, this claim 'only' affects the duration of punishment imposed, and if relief is [g]ranted, it will only dispose of the 3g factor under parole review, within the meaning of, when the prisoner becomes eligible for parole review." *Id*. 4. Harriman therefore asserts that it would be error for the Board to not consider

all of the circumstances in his unique case. To the extent this objection by Harriman goes to the magistrate judge's determination regarding his parole claim, it is **overruled**. If on the other hand, the objection is directed at the duplicative nature of the claim, it is also **overruled**.

## III. Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Timothy Scott Harriman's application for writ of habeas corpus, and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[**] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[**]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 24th day of April, 2012.

_____
Sam A. Lindsay
United States District Judge